UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LIONEL DAVIS | CIVIL ACTION |
| VERSUS | NO. 26-1444 |
| MICHELLE WOODFORK, ET AL. | SECTION "A" (2) |

**REPORT AND RECOMMENDATION**

Before the Court is a Motion for Summary Judgment filed by petitioner Lionel Davis in connection with his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF Nos. 1, 8. The motion, along with Davis's petition, were referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636.

In the motion, Davis claims that the State has yet to file an opposition to his habeas petition and that the Court has a certified copy of the state court records necessary to evaluate his petition. ECF No. 8 at 2. Davis further contends that he is entitled to summary judgment prior to any filing of an opposition by the State as no answer which the State may serve could present a genuine issue of material fact. *Id*. In support of his motion, Davis further elaborates on the claims raised in his petition.

## I. APPLICABLE LAW

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[a] party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim." The rule further provides that the motion may be filed at any time after "20 days have passed from commencement of the action."[1] Federal courts, nevertheless, are permitted to dismiss a motion for summary judgment without prejudice if it is filed before any party answers.[2] Deferring the ruling on

[1] Fed. Rule Civ. Pro. 56(a).

[2] *Kuperman v. ICF International*, No. 08-565, 2008 WL 647557, at *1 (E.D. La. Mar. 5, 2008) (citing 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2717, at 298–99 (1998)); *Wartsila v. Duke Capital LLC*, 2007 WL 2274403 (S.D. Tex. Aug. 8, 2007).

a motion for summary judgment filed before parties have answered is appropriate where the district court finds that the motion is premature.[3]

Further, a motion for summary judgment is not a proper method of adjudicating a petition brought pursuant to 28 U.S.C. § 2254.[4] The Rules Governing Section 2254 Proceedings for the United States District Courts do not contemplate such a motion. Although Rule 12 permits a court to apply the Federal Rules of Civil Procedure when appropriate, motions for summary judgment under Federal Rule of Civil Procedure 56 are not appropriate or necessary in the habeas context, especially when the motion seeks the same relief as that sought in the underlying petition.

## II. <u>ANALYSIS</u>

The Plaintiff's motion was filed after the petition, and prior to receipt of the ordered response from the State of Louisiana. The Court does not yet have a certified copy of the state court records necessary to evaluate Davis's petition under § 2254, including its timeliness, exhaustion of state remedies, and any applicable procedural bars to its review. Until such time as the State responds, the record is not sufficient to consider Davis's motion.

Upon receipt of that answer, the Court will evaluate and consider Davis's petition under the appropriate standards provided under § 2254 and related provisions. The Court does not require a motion to generate its review under the procedures utilized by this Court. Therefore, Davis's premature motion should be dismissed. Davis is allowed by statute to present a traverse to the State's opposition response after it is filed.

---

[3] *Id.*; *see Dowl v. Prince*, No. 11-0417, 2011 WL 2457684, at *1 (E.D. La. June 20, 2011) (dismissing motion for summary judgment in a § 2254 as premature).

[4] *See Browder v. Director, Ill. Dept. of Correction*, 434 U.S. 257, 269, n.14 (1978); *Keaton v. Dir., TDCJ-CID*, No. 22-329, 2022 WL 4594219, at *1 (E.D. Tex. Sept. 15, 2022), *report and recommendation adopted*, 2022 WL 4593079 (E.D. Tex. Sep. 29, 2022*); see also United States v. Hurley*, No. 04-215, 2005 WL 1473828, at *2 n.5 (N.D. Tex. June 22, 2005) *report and recommendation adopted*, 2005 WL 1614017 (N.D. Tex. July 8, 2005) (a motion for summary judgment is not proper method for adjudicating a motion pursuant to § 2255); *Ziolkowski v. Dir.*, TDCJ-CID, No. 17-50, 2019 WL 4580425, at *1 (E.D. Tex. May 13, 2019) ("A motion for summary judgment is a highly disfavored, if not improper, method of adjudicating a petition for writ of habeas corpus.").

## III. CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that Lionel Davis's Motion for Summary Judgment (ECF No. 8) be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[5]

New Orleans, Louisiana, this _26th_ day of August, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

[5] *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).