UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LIONEL DAVIS | CIVIL ACTION |
| VERSUS | NO. 26-1444 |
| MICHELLE WOODFORK, ET AL. | SECTION "A" (2) |

**REPORT AND RECOMMENDATION**

Petitioner Lionel Davis a/k/a Lionel Bailey filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, which was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing § 2254 Cases.[1] Respondents moved to dismiss the petition for failure to exhaust state court remedies.[2] Petitioner filed a response in opposition to the motion.[3] Neither party requested oral argument and the Court has determined that a hearing is unnecessary.

Having considered the record, the parties' arguments, and the applicable law, I recommend that the motion be GRANTED and the petition be DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies.

## I. FACTUAL AND PROCEDURAL HISTORY

Davis is a convicted inmate currently incarcerated at the Orleans Justice Center in New Orleans, Louisiana.[4] An Orleans Parish jury convicted David of one count of failure to register and

[1] Davis detailed the basis for his habeas claim on a form for relief under 28 U.S.C. § 2254. ECF No. 1. However, Davis's claims appear to relate to the execution of his sentence which implicates 28 U.S.C. § 2241 more broadly rather than only § 2254. *See*, *e.g.*, *Galbraith v. Hooper*, 151 F.4th 795, 802-03 (5th Cir. 2025).

[2] ECF No. 12.

[3] ECF No. 16.

[4] ECF No. 1 at 1.

notify as a sex offender, and on April 23, 2025, the court sentenced him to two years at hard labor.[5]

On direct appeal to the Louisiana Fourth Circuit Court of Appeal, Davis raised the following claims:

(1) the bill of information was not compliant with La. C. Cr. P. art. 464 and did not provide the notice required by La. Const. art. I, § 13 and the Fifth Amendment;

(2) the State failed to prove the elements of La. R.S. § 15:542.1(A)(1) or that the requirements applied to Davis or that Davis was properly notified of the requirements as provided in La. R.S. § 15:543 beyond a reasonable doubt;

(3) the [state trial] court erred in denying the motions to quash and dismiss as the prosecution for this offense violated the double jeopardy clause; and

(4) the [state trial] court erred in denying the motion to quash and motion to dismiss as the prosecution for this offense violated the *ex post facto* clause and was in violation of the 1990 plea agreement.[6]

On April 13, 2026, the Louisiana Fourth Circuit affirmed Davis's conviction and sentence but remanded the case to the state trial court to impose a statutory fine.[7] On May 13, 2026, Davis filed a related writ application with the Louisiana Supreme Court, which remains pending.[8]

While his direct appeal to the Louisiana Fourth Circuit was still pending, on February 18, 2026, Davis filed a petition for a writ of habeas corpus in the state trial court.[9] Davis filed the petition pursuant to La. C. Cr. P. art. 351 based upon the grounds that, while his original custody was lawful, his custody had become unlawful due the denial of his diminution of sentence.[10] A review of the Orleans Parish Clerk of Court's public docket shows that Davis's petition, docketed on March 11, 2026, remains pending.[11] Davis filed a writ with the Louisiana Fourth Circuit seeking

---

[5] *Id.*; ECF No. 12-5 at 38, Sentencing Mins., 4/23/25.
[6] *State v. Davis*, No. 2025-KA-0460, 2026 WL 982904, at *4-5 (La. App. 4th Cir. 4/13/26); ECF No. 12-5 at 43-44.
[7] *Davis*, 2026 WL 982904 at *12; ECF No. 12-5 at 51.
[8] ECF No. 12-5 at 1-52, Writ Application, 2026-KO-556, 5/13/26.
[9] ECF No. 12-3 at 10-20, Petition for Writ of Habeas Corpus, 2/18/26.
[10] *Id*. at 9-10.
[11] *State v. Davis*, No. C-552281, Section L, Orleans Parish Criminal District Court.

emergency mandamus relief based on the state trial court's failure to act on his writ of habeas corpus, which the Fourth Circuit denied on March 17, 2026.[12] Davis filed a related writ application to the Louisiana Supreme Court, which application remains pending.[13]

On July 6, 2026, the Clerk of this Court docketed Davis's federal habeas petition filed pursuant to 28 U.S.C. § 2254.[14] Davis brings one claim: the state trial court improperly refused to grant his writ of habeas corpus on the grounds that his custody was lawful but, because of the denial of his diminution of sentence for good behavior, became unlawful.[15] Respondents filed a motion to dismiss, claiming that Davis has not exhausted his state court remedies with respect to the claim raised in this petition.[16] In response, Davis concedes that he did not present this claim to the state courts in the manner required by Louisiana law, but argues that he gave the state courts a chance to resolve it before applying for federal habeas relief; therefore, he asserts that he has exhausted his available state court remedies.[17]

## III. LAW AND ANALYSIS

Davis filed his habeas petition pursuant to 28 U.S.C. § 2254. It is not entirely clear, however, whether this application is properly construed as seeking relief under 28 U.S.C. § 2241, 28 U.S.C. § 2254, or both. Generally, § 2254 applies when a prisoner is challenging the legality of either his underlying state conviction or sentence.[18] In contrast, § 2241 applies when a prisoner

---

[12] ECF No. 12-3 at 17, 4th Cir. Order, 2026-K-0196, 3/17/26.
[13] ECF No. 12-3 at 1-8, Application for Writ to the Louisiana Supreme Court, 26-KH-461, 4/10/26.
[14] ECF No. 1.
[15] *Id.* at 4.
[16] ECF No. 12.
[17] ECF No. 16 at 1-2.
[18] *Stewart v. Cain*, 71 F.3d 879 (5th Cir. 1995) (petition is more properly construed as a § 2241 where petitioner attacked the manner in which his sentence was being executed).

"attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration."[19]

When a petitioner challenges the revocation of his diminution of sentence for good behavior and the conditions of supervision that will be imposed upon his release as in this case, courts have diverged as to whether that claim more properly falls under § 2241 or § 2254.[20] As noted by the Fifth Circuit, "these two statutes do not represent an either/or dichotomy" and a petitioner challenging the manner a sentence is being carried who is in custody pursuant to a state court judgment can implicate both § 2241 and § 2254.[21] Regardless of whether Davis seeks relief under § 2254 or § 2241, a petitioner must first exhaust his remedies in the state courts before seeking relief in federal court.[22]

The exhaustion requirement is satisfied only when all grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner.[23] To exhaust a claim in the state courts, a petitioner must fairly present the same claim and legal theories urged in this federal court to the state courts, through the state's highest court, in a procedurally

---

[19] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000); *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978).

[20] *Compare Pack*, 218 F.3d at 451 ("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration"); *Cornwell v. Cain*, No. 12-2782, 2013 WL 5673565, at *2–6 (E.D. La. Oct. 16, 2013) (construing a habeas petition captioned under § 2254 that challenged prison officials' denial of good time credits as one brought pursuant to § 2241); *Gibbs v. Cain*, No. 12-3004, 2013 WL 3490909, at *2 (E.D. La. July 10, 2013) (finding basis for relief for challenge of denial of good time should not be under § 2254, but under § 2241); *Elzey v. Travis*, No. 07-5394, 2008 WL 782807, at *1–2 (E.D. La. Mar. 19, 2008) (addressing claim for denial of good time based on a prior conviction under § 2241); *with In re Kerns*, 623 F. App'x 186, 187 (5th Cir. 2015) ("a state prisoner who wishes to challenge prison officials' calculation of his sentence must do so in a § 2254 application."); *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) ("[s]tate prisoners who allege that they were improperly denied good-conduct credit that, if restored, would have resulted in their immediate or sooner release from prison, fall under § 2254."); *Strattman v. Tanner*, No. 19-8677, 2019 WL 13246675, at *5–6 (E.D. La. Aug. 23, 2019) (finding that, where petitioner challenged the denial of good time credits, his habeas petition fell under § 2254).

[21] *Gailbraith*, 151 F.4th at 802 (quoting *Topletz v. Skinner*, 7 F.4th 284, 293 (5th Cir. 2021)).

[22] *See* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of state remedies in habeas corpus actions brought pursuant to § 2254); *Edge v. Stalder*, 83 F. App'x 648 (5th Cir. 2003) (exhaustion of state remedies is likewise required in actions brought pursuant to 28 U.S.C. § 2241); *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (same).

[23] *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

proper manner.[24] The exhaustion doctrine is applied as a matter of comity and is based on federalism grounds to protect the state courts' opportunity to confront and initially address any constitutional issues arising within their jurisdiction and to limit federal interference in the state adjudicatory process.[25]

Under Louisiana's Corrections Administrative Remedy Procedure ("CARP"), an inmate must utilize the administrative procedure established by the DOC, or any facility in which he is housed, to resolve any claims related to his confinement, including "time computations, even though urged as a writ of habeas corpus, or challenges to rules, regulations, policies, or statutes."[26] Upon completion of the administrative process within the DOC, the inmate may seek judicial review in the 19th Judicial District Court, East Baton Rouge Parish.[27] Thereafter, the inmate is entitled to appeal the decision to the "appropriate court of appeal."[28] If the appeal is unsuccessful, Louisiana law allows the inmate to seek supervisory review in the Louisiana Supreme Court.[29]

The record does not reflect, and Davis has not alleged, that he exhausted administrative review of his claim under CARP, La. Rev. Stat. § 15:1171 *et seq*., and the subsequent supervisory review of that procedure by the state courts pursuant to La. Rev. Stat. § 15:571.15. Although Davis presented his claim by filing a petition for a writ of habeas corpus in the state trial court, he fully admits that he has not exhausted his state court remedies as required. Further, a review of publicly available records indicates that the petition is still pending in the state trial court. Davis has also filed an emergency writ application requesting that the state trial court address his habeas petition,

---

[24] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (fair presentation means presentation to "each appropriate state court"); *Mercadel*, 179 F.3d at 275 (a petitioner fails to exhaust a claim when he raises it for the first time in the Louisiana Supreme Court after bypassing the state district and appellate courts).
[25] *Dickerson*, 816 F.2d at 225.
[26] La. Rev. Stat. § 15:1171(B).
[27] *See* La. Rev. Stat. § 15:1177 and § 15:571.15.
[28] *See* La. Rev. Stat. § 15:1177(A)(10) and § 13:312(1).
[29] La. Code Civ. P. art. 2201; La. Code Crim. P. art. 922.

which emergency application remains pending with the Louisiana Supreme Court. Given that Davis's claim still remains pending in state court, he has not exhausted his claim in a procedurally proper manner by raising the claim through the highest state court. Therefore, he has not exhausted his claim by completing the administrative review required by state law.

The exhaustion doctrine is subject to limited exceptions. In a § 2241 action, the exhaustion requirement may be obviated only when "special circumstances" exist.[30] "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action."[31] Similarly, in § 2254 actions, exhaustion may be excused "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."[32]

In this case, no such circumstances exist. Davis has not provided any basis to conclude that pursuing his claim through each level of the state courts via the state trial court or the administrative remedy procedure would be futile. Davis admits that his claim is currently pending in state court (i.e., Orleans Parish Criminal District Court). Further, Davis has also not pursued his claim through the appropriate administrative remedy procedure. As such, Davis has not given each level of the Louisiana courts a fair opportunity to consider the merits of his claim.

For these reasons, Davis's petition should be dismissed without prejudice for failure to exhaust available state administrative and judicial remedies.

---

[30] *Dickerson*, 816 F.2d at 225 (citing *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 489 (1973)); *Tooten v. Shevin*, 493 F.2d 173, 177 (5th Cir. 1974).
[31] *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).
[32] *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (citations omitted); *Morris v. Dretke*, 413 F.3d 484, 492 (5th Cir. 2005) ("exhaustion is not required if it would plainly be futile." (citation omitted)).

## RECOMMENDATION

It is therefore **RECOMMENDED** that Respondents' Motion to Dismiss (ECF No. 12) be **GRANTED**.

It is **FURTHER RECOMMENDED** that Lionel Davis's petition for issuance of a writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his state administrative and judicial remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[33]

New Orleans, Louisiana, this _1st_ day of October, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

[33] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).